## ENCLOSED DOCUMENTS

❑ a copy of the order of service or order to answer and any other orders entered to date

❑ a copy of the Mediation Referral Order for Pro Se Employment Discrimination Cases, if one has been issued

❑ the individual practices of the district judge and magistrate judge assigned to your case

❑ Instructions for Litigants Who Do Not Have Attorneys, including:

    ❑ Notice Regarding Privacy and Public Access to Electronic Case Files

    ❑ a flyer about the free legal assistance clinic located in the Thurgood Marshall Courthouse (only in nonprisoner cases)

    ❑ a Motions guide

    ❑ a notice that the Pro Se Manual has been discontinued

    ❑ a Notice of Change of Address form to use if your contact information changes

    ❑ a handout explaining matters handled by magistrate judges and a consent form to complete if all parties agree to proceed for all purposes before the magistrate judge

❑ a form for you to complete if you consent to receive court filings electronically (only in nonprisoner cases)

❑ in social security cases only, a flyer about pro bono attorneys available through the New York County Lawyers' Association

❑ USM-285 forms for you to complete so that the Marshals Service can serve certain defendants, and instructions on how to complete the forms (only for use if the judge has ordered you to submit 285 forms; follow the instructions in the order of service)

❑ one or more summonses (only if you have paid the fee in person or if the judge has ordered that a summons be issued to you)



**United States District Court
Southern District of New York**

## INSTRUCTIONS FOR LITIGANTS WHO DO NOT HAVE ATTORNEYS

Case Name: _____

Docket No.: _____

District Judge Assigned: _____

Magistrate Judge Assigned: _____

Your case has been assigned a docket number, a district judge, and a magistrate judge. **Everything that you send to the court concerning this case must be labeled with the case name and docket number (including the initials of the district judge and any magistrate judge before whom the case is pending) listed above.** You must mail or deliver any papers you file in your case to the Pro Se Intake Unit at 500 Pearl Street, Room 200, New York, New York, 10007, or, if your case is pending in the White Plains Courthouse, at 300 Quarropas Street, White Plains, NY 10601-4150. *Do not send any documents directly to a judge unless ordered to do so.*

**If your contact information changes, it is your responsibility to notify the court in writing,** even if you are incarcerated and transferred to another facility or released from custody. Fill out the "Notice of Change of Address" form included with this letter (or write a letter asking for your address to be changed) and send it to the Pro Se Intake Unit. It is not sufficient to send an envelope with a new return address or submit a letter with a new address listed without asking for your address to be officially changed. Your case could be dismissed if you do not notify the court of an address change.

**Your case has been assigned to a district judge and a magistrate judge.** The district judge may handle all matters in your case or may "refer" your case to the magistrate judge for certain pretrial issues. If you and all the other parties in your case agree to have your case proceed before the magistrate judge for *all purposes*, including trial, your case may proceed more quickly. A form for all parties to complete if they agree to have the trial before a magistrate judge is enclosed. For more information, refer to the handout "United States Magistrate Judges: Referrals and Consents."

Rev. 5/18/16

# WHAT DO I DO AFTER I FILE MY COMPLAINT?

## How do I serve the summons and complaint?

If you filed an Application to Proceed Without Prepaying Fees or Costs (also called an IFP application) and it was granted, the judge assigned to your case will enter an "Order of Service" or "Order to Answer." *You must follow any directions in that order*. If the judge directs the Clerk's Office to send you a U.S. Marshals Service form (USM-285 form) for a particular defendant and directs you to fill it out, you must complete the form for that defendant and return it to the Pro Se Intake Unit. The Marshals Service will then serve the summons and complaint on the defendant at no cost to you. Do not send in a USM-285 form for a defendant unless the order directs you to do so for that defendant. If your IFP application was granted, it is not necessary for you to determine on your own how to serve the summons and complaint, unless you choose not to rely on the Marshals Service for service.

If you did not file an IFP application, or if it was denied, or if you choose not to rely on the Marshals Service, you will either have to obtain a waiver of service from each defendant, or you will have to serve each defendant. Service and waiver are described in Federal Rule of Civil Procedure 4. Further information on service is available on the court's website or from the Pro Se Intake Unit.

## Can I change or amend the complaint after I file it?

Changing a document that has already been filed with the court is known as "amending" the document. Under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, you can amend your complaint one time within 21 days after serving the complaint on the defendant. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, if you have not already amended your complaint, you may amend your complaint one time within 21 days after the defendant files an answer or a Rule 12(b), (e), or (f) motion to dismiss, whichever is earlier. You do not need permission from the presiding judge or from the defendant to amend the complaint once under either Rule 15(a)(1)(A) or 15(a)(1)(B).

If you want to amend your complaint more than 21 days after the defendant answers or files a motion to dismiss, or if you want to amend it a second time, Rule 15(a)(2) lets you do so in one of two ways. First, you can file the amended complaint if you get written permission from the defendant(s). When you file the amended complaint, you must also file the document showing that you have permission from the defendant(s) to amend your complaint. Second, if the defendant(s) will not agree to let you amend your complaint, you must file a motion to ask the judge's permission for you to amend your complaint.

When you file an amended complaint, you must file an entirely new complaint, because an amended complaint completely replaces the original complaint. The caption of your amended

complaint should say: "First Amended Complaint." If you amend your complaint a second time, the caption should say: "Second Amended Complaint."

## How do I file motions, briefs, and other documents with the court?

You can file motions, briefs, and other documents in three ways: (1) bring the appropriate documents to the Pro Se Intake Unit to file in person; (2) mail the documents to the Pro Se Intake Unit for filing; or (3) in some cases, file the documents electronically on ECF, the court's electronic case filing system (see instructions below). The Pro Se Intake Unit does not accept faxes or email. By standing order of the court, all pro se litigants must submit their papers to the Pro Se Intake Unit (unless specifically directed by the judge to submit papers directly to that judge's chambers).

## Does the court require a specific format for documents?

Yes, Local Rule 11.1 requires, among other things, that all documents filed with the court be plainly written, typed, or copied in a way that is legible; that documents be double-spaced, except for headings, text in footnotes, or block quotations; that text be in 12-point type or larger; that every paper have the docket number and the initials of the district judge and any magistrate judge before whom the action or proceeding is pending; and that every document have the name of each person signing it printed or typed directly below the signature. In addition, it is very helpful if you include page numbers on your documents. You must also comply with the requirements of Federal Rule of Civil Procedure 11, including the requirement that every document have an original signature. So that your documents can be properly docketed, make sure that they are in the right format – they should have original signatures, a caption, and a title (for example, "Motion").

## How do I serve motions, briefs, or other documents that I file with the court?

After a defendant has been properly served with the summons and complaint *and* that defendant has "appeared" in the case by filing a notice of appearance, an answer, or a motion, you can serve court filings on that defendant's lawyer (or on the defendant, if the defendant does not have a lawyer) by mail or any other method described in Rule 5 of the Federal Rules of Civil Procedure. If the defendant has a lawyer, you do not need to mail copies of your court filings to that lawyer – after you deliver a document to the Pro Se Intake Unit for filing, the Clerk's Office staff will scan and docket it onto the ECF system. The ECF system will then notify by email all other parties who have lawyers that you have filed a document, and those parties will be able to get a copy of the document. This docketing on ECF is deemed to be service under Rule 5(b) of the Federal Rules of Civil Procedure. See ECF Rules 9.1 and 9.2 Therefore, if your court filings are docketed on ECF, you will not have to mail them to any other parties who have lawyers, and you will not have to attach an affirmation of service to those documents.

Please note that this does not mean that you may use the ECF system to serve other parties with discovery materials or any other documents that are not addressed to the court. You must continue to deliver those documents yourself.

## What if I want to receive documents by e-mail?

If you are not incarcerated, you may consent to receive court filings electronically. See the enclosed "Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically." If you consent to receive documents electronically, you will receive a "Notice of Electronic Filing" by e-mail each time a document is filed in your case.

## What if I want to file documents electronically?

Once your complaint has been filed, if you are not incarcerated, you can seek permission to file future documents electronically. If your application is granted, you can file your court documents on the Internet using ECF. This may be a good option if you have access to a computer, scanner, and PDF writer software. To seek permission to file electronically, complete the Motion for Permission for Electronic Case Filing, which can be obtained from the Pro Se Intake Unit or the court's website, and submit it to the Pro Se Intake Unit. Once you have permission and are given a login and password, follow the directions found in the ECF Rules & Instructions, which may be found on the court's website. You may call the help desk at 212-805-0136 if you need assistance with ECF.

## Is there any type of information that I should not include in court filings?

Documents filed with the court will normally be available to the public at the courthouse and on the internet through PACER (Public Access to Court Electronic Records) and the court's ECF system. (In certain types of cases, such as those under the Social Security Act, remote access to electronic files is limited. See Fed. R. Civ. P. 5.2(c).) Certain personal identifying information therefore should be removed from documents *before* the documents are submitted to the court for filing. See the attached Notice Regarding Privacy and Public Access to Electronic Case Files.

## What other information can the Pro Se Intake Unit provide?

Other forms and information, including a Social Security Manual, are available on the court's website and from the Pro Se Intake Unit. In certain cases involving use of force, inmate against inmate assault, and disciplinary due process, the court requires defendants to answer specific discovery requests. See Local Civil Rule 33.2. In their responses, defendants will quote the requests verbatim, but if you want a copy of the requests in advance, you may request them from the Pro Se Intake Unit.

## What if the defendant does not file an answer?

If you believe that the defendant has not filed an answer within the time required, you should bring the issue to the assigned judge's attention by submitting a letter or a motion.



**United States District Court**
**Southern District of New York**

# Notice Regarding Privacy and Public Access to Electronic Case Files

Documents filed with the court will normally be available to the public at the courthouse and on the internet through PACER (Public Access to Court Electronic Records) and the court's electronic case filing system (ECF). (In certain types of cases, such those under the Social Security Act, remote access to electronic files is limited. See Fed. R. Civ. P. 5.2(c).)

**Certain personal identifying information should be removed from documents *before* the documents are submitted to the court for filing.**

Rule 5.2 of the Federal Rules of Civil Procedure and Rule 49.1 of the Federal Rules of Criminal Procedure provide for privacy protection of electronic or paper filings with the court. These rules apply to pleadings, exhibits to pleadings, and any other document submitted by any party or nonparty for filing. Certain limited exceptions may be found in Rules 5.2(b) and 49.1(b). Unless otherwise required by court order or rule, a filer should *not* include certain types of personal identifying information in documents submitted for filing. If it is necessary to file a document that contains personal identifying information, that information should first be redacted (blacked out). A person filing any document containing his or her own personal information *waives* the protection of the rules by filing the information without redaction and not under seal. It is the sole responsibility of counsel and the parties to be sure that all documents comply with the rules requiring redaction of personal information. Neither the assigned judge nor the Clerk of Court will review documents for compliance with the rules.

Federal Rule of Civil Procedure 5.2(a) and Federal Rule of Criminal Procedure 49.1 protect the following information:

1. **Social Security and Taxpayer Identification Numbers:** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.

2. **Dates of Birth:** If an individual's date of birth must be included in a document, the filer may include only the year of birth.

3. **Names of Minor Children:** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.

4. **Financial Account Numbers:** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

Federal Rule of Criminal Procedure 49.1(a)(5) also protects an individual's home address. If an individual's home address is relevant, the filer may include only the city and state of the home address.

Protection of other sensitive personal information, such as driver's license numbers and medical information, may be sought under Rule 5.2(d ) or Rule 49.1(d) (Filings Made Under Seal) and Rule 5.2(e ) or Rule 49.1(e) (Protective Orders). Please review Federal Rule of Civil Procedure 5.2, Federal Rule of Criminal Procedure 49.1, and Section 21 of the court's ECF Rules & Instructions for further guidance.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

---

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
1 p.m. - 5 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.





**United States District Court**
**Southern District of New York**

# MOTIONS

This guide is intended to be a summary of basic procedures for motion practice. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Motions

### What is a motion?

- A motion is a formal way for a party to ask the court to do something. Generally, any time a party wants the court to do something in a case, that party must make a motion. See Fed. R. Civ. P. 7(b). Some types of motions — the types most often made in cases involving litigants without lawyers — are discussed in this packet.

### What is a dispositive motion?

- A "dispositive" motion means that if the court grants the motion, judgment will be entered with respect to certain claims or defenses, or even with respect to the entire case. Dispositive motions include motions to dismiss and motions for summary judgment.

- Other types of motions, such as a motion to amend the complaint or a motion for an extension of time, are "nondispositive," which means that the decision on the motion will not ordinarily result in judgment or dismissal of any part of the case.

### What are the steps for making a motion?

- Motions must be made in writing, except for those made during a hearing or a trial. See Fed. R. Civ. P. 7(b).

  - First, the party who makes the motion (called the "moving party" or "movant") files the motion, explaining what the moving party wants the court to do and why the court should do it.

  - Second, the opposing party files papers opposing the motion, explaining why the court should not grant the motion.



- ○ Third, the moving party may file reply papers responding to the arguments made in the opposition papers. At that point, neither side may file any documents related to the motion without permission from the court.

## Will there be oral argument on the motion?

- After all of the motion papers are filed, the court will typically decide the motion based solely on the arguments in the papers. In some cases, the court may schedule a conference where each side appears in the courtroom and states their arguments in person (this is called "oral argument").

- In either case, the court may decide the motion either in a written decision or by announcing the decision in the courtroom during a conference.

## How do I file and serve motion papers?

- Unless you have applied for and received permission to file your documents electronically, you should mail or deliver all papers to the Pro Se Intake Unit. The Clerk's Office will scan and docket your papers, and if the other parties have lawyers, they will be served with your papers electronically.

- If any other parties do not have lawyers, you must serve those parties with paper copies of your documents.

## When will the court decide the motion?

- Given how many cases each judge is assigned, it may take a while before the court decides a motion.

# Making a Motion

## How do I make a motion?

- First, you must determine the legal basis for bringing the motion. Some of the most common types of motions brought by plaintiffs without lawyers are motions for extensions of time, motions to compel compliance with discovery requests, and motions to amend a complaint.

- Second, you must check the Local Civil Rules and the judge's individual rules of practice to determine whether you are required to request a conference or take some other step before making your motion. If, for example, you would like to make a motion concerning a discovery issue, you must first write a letter to the judge. See Local Civil Rule 37.2. In some cases, a formal motion is not required, and you may make a motion simply by writing a letter.

- Third, you must draft your motion papers, which are described next.



## What documents do I need to file to make a motion?

- Under Local Civil Rule 7.1, unless the court makes an exception, all motions must include the following motion papers:[1]

  o **Notice of Motion:** This notice (usually just one page) specifies (1) the rules or statutes under which the party is bringing the motion, and (2) what the party is asking the court to do. A Notice of Motion form is attached to this guide.

  o **Memorandum of Law:** The memorandum of law describes the cases, other authorities, and arguments that support the party's position. This is often referred to as a "brief."

  o **Declaration:** A declaration (sometimes called an "affirmation") is a statement made under penalty of perjury that contains factual information relevant to the motion. The declaration may also include attached exhibits. A declaration is only required if factual information is necessary for the court to decide the motion.

- All motion papers must include a caption, the docket number, and the initials of the district judge and any magistrate judge before whom the case is pending, and have the name, address, telephone number, and email address (if available) of each person signing it clearly printed or typed below the signature. See Fed. R. Civ. P. 7, 10, 11; Local Civil Rule 11.1.

- Motion papers should also include a title next to or below the caption; for example, "Notice of Motion for Extension of Time" or "Declaration in Support of Motion to Dismiss." (Local Civil Rule 11.1 describes other formatting requirements for typewritten motions.)

- Certain types of motions may be made by letter. Check the Local Civil Rules and the individual rules of practice of the judge.

- If you are the one who made the motion, you are entitled to file a reply, responding to arguments that the other side made in its opposition papers. Unless the judge set a different schedule or includes different deadlines in his or her individual rules of practice, a reply is generally due seven days after the opposition is served. Your reply should consist of a memorandum of law or declaration (or both).

---

[1] The Clerk of Court will not refuse to accept your papers simply because they do not exactly comply with these rules. See Fed. R. Civ. P. 5(d).



# Opposing Motions

## How much time do I have to oppose a motion?

- Unless otherwise ordered by the judge or specified in the judge's individual rules of practice, opposition to most motions must be filed within 14 calendar days after you are served with the motion papers. Check Federal Rule of Civil Procedure 6 and Local Civil Rule 6.1, as well as the judge's individual rules of practice, if you are unsure how much time you have to respond to a motion.

- If you need additional time to meet a motion deadline, you should ask the party who made the motion for an extension of time. If that party agrees, you and that party can submit the agreement to the court to get its approval of the proposed schedule. If that party does not agree, you may write a letter to the judge asking for an extension of time.

## What documents do I need to file to oppose a motion?

- Unless the court makes an exception, you will need to file a memorandum of law to oppose a motion. In your memorandum of law, you will describe the cases, other authorities, and arguments that support your position that the motion should not be granted.

- If factual information is necessary for the court to decide the motion (if, for example, the defendant has moved for summary judgment), you may also need to submit one or more declarations. You may attach additional evidence as exhibits to the declarations.

- After you file your opposition, the party who made the motion may file a reply. You cannot "oppose" or respond to reply papers without permission from the court.

# Motions to Dismiss (Rule 12)

- In a motion to dismiss, the defendant argues that, even if everything you allege in your complaint is true, there are legal defects that require the court to dismiss your complaint (for example, the allegations in your complaint do not state a constitutional violation). See Rules 12(b) and 12(c) of the Federal Rules of Civil Procedure.

- The defendant may move to dismiss before filing an answer (under Federal Rule of Civil Procedure 12(b)) or after (under Federal Rule of Civil Procedure 12(c)).



- If you need to add facts to your complaint to oppose the motion to dismiss, you should describe the additional facts in a proposed amended complaint and submit that document with your memorandum of law.

# Motions for Summary Judgment (Rule 56)

- In a motion for summary judgment, a party (usually, but not always, a defendant) argues that the court should decide the case without a trial, because the undisputed facts show that the other party is not entitled to a verdict in that other party's favor. See Rule 56 of the Federal Rules of Civil Procedure.

- With some exceptions, motions for summary judgment are normally made after discovery has concluded.

- To successfully oppose a motion for summary judgment, you need to present the evidence, through declarations or exhibits, that demonstrates that there are disputes over important facts and therefore a trial is needed.

- In addition to the other documents required to make a motion, a party's motion for summary judgment must include a statement in the form required by Local Civil Rule 56.1 (a 56.1 statement).

- In the 56.1 statement, the moving party must list, in individually numbered paragraphs, important facts that the party argues are not in dispute.

- To oppose a motion for summary judgment, in addition to a memorandum of law, you must submit your own statement responding to the other party's 56.1 statement.

  o In paragraphs numbered to correspond with the other party's 56.1 statement, you must state whether you agree or disagree with each factual statement.

  o If you agree with the statement, you may just write "agree" as to the particular numbered paragraph.

  o If you disagree with the statement, you must identify evidence that supports your version of the facts. You may cite to your own sworn statement (such as a declaration made under penalty of perjury), deposition testimony, witness affidavits, or other documents as evidence to demonstrate that there is a dispute concerning that statement of fact. All of this evidence must be submitted to the court. You may do this by filing a declaration signed under penalty of perjury, to which each piece of evidence is attached as a separate exhibit.

  o For example, if the defendant states: "1. The light was green when defendant entered the intersection," the plaintiff can either write: "1. Agree." or something like: "1. Disagree. The light was red when the defendant entered the intersection. See Police Accident Report, attached to plaintiff's declaration as Exhibit A."



- If you do not respond to the other party's 56.1 statement, or if you do not respond to a particular paragraph, the court may consider the opposing party's factual statement to be true.

- If you believe that you need access to additional information to oppose the motion, you must file a declaration stating what information you need and why you need it to oppose the motion. See Fed. R. Civ. P. 56(d). Usually, filing such a declaration is appropriate only if the motion was made before discovery ended.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

## NOTICE OF MOTION

_____

_____

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that

_____    _____
plaintiff or defendant        name of party who is making the motion

requests that the Court:

_____

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐  a memorandum of law

☐  my own declaration, affirmation, or affidavit

☐  the following additional documents:

_____

Dated

_____

Name

_____

Signature

_____

Prison Identification # (if incarcerated)

_____

Address                    City                State        Zip Code

_____

Telephone Number (if available)

_____

E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____            _____
Executed on (date)                 Signature

_____    _____
Name                               Prison Identification # (if incarcerated)

_____    _____   _____   _____
Address                            City         State        Zip Code

_____    _____
Telephone Number (if available)    E-mail Address (if available)



**United States District Court
Southern District of New York**

# The Manual for Pro Se Litigants Has Been Discontinued

The court has discontinued the Manual for Pro Se Litigants. Information for litigants who are representing themselves is available in the information package that is mailed when an order of service or order to answer is issued, and in separate guides, manuals, and forms. These documents are available on the court's website at http://nysd.uscourts.gov/ under Forms/Pro Se. If you are not able to access the necessary information online, and you have not already received it, you may request that the Clerk's Office provide it to you.

Please indicate below what information you are requesting:

❑ Motions Guide (available only if the judge has entered an order of service and the guide was not included in the information package sent to you or if you are a defendant representing yourself)

❑ Discovery Guide (available only if your case is in discovery)

❑ Consent to Electronic Service (available only in nonprisoner cases)

❑ Motion for Permission for Electronic Case Filing (available only in nonprisoner cases)

❑ Representing Yourself at Trial (available only if your case is proceeding to trial)

---

Name (Last, First, MI)

---

Address          City                    State              Zip Code

---

Telephone Number                        e-mail address

---

Date                                    Signature

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

_____CV_____ (_____)(_____)

-against-

NOTICE OF CHANGE OF ADDRESS

_____

_____

(List the full name(s) of the defendant(s)/respondent(s).)

I hereby notify the Court that my address has changed  to the following:

| | |
|---|---|
| Date | Signature |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address (if available) |

Rev. 8/15/14



**United States District Court**
**Southern District of New York**

## UNITED STATES MAGISTRATE JUDGES:
### REFERRALS AND CONSENTS

All cases in the Southern District of New York are assigned to two judges: a district judge and a magistrate judge. District judges are appointed for life terms by the President. Magistrate judges are selected by a majority vote of the district judges in the particular district and serve terms of eight years.

**Referrals to the Magistrate Judge:** The district judge assigned to your case may refer the case to a magistrate judge for specific purposes. Commonly, the referral will be for the magistrate judge to conduct the proceedings that occur before trial, such as resolving discovery disputes or presiding over settlement conferences. A referral may also be made for the magistrate judge to issue to the district judge a report and recommendation on how to resolve a motion, such as a motion to dismiss or a motion for summary judgment. The consent of the parties is not needed for the district judge to refer the case to the magistrate judge for these purposes. If the district judge has made such a referral, you can ask the district judge to review any magistrate judge's decision by filing an objection with the district judge within fourteen days of that decision. The district judge will rule on any timely objections that you file. If you do not file an objection, you will give up your right to challenge the magistrate judge's decision at a later time, including on appeal. *See* Federal Rule of Civil Procedure 72.

**Consent to Proceed Before the Magistrate Judge:** If you would like your case to move more quickly, it is helpful to consent to proceed before the magistrate judge for all purposes, including any trial. If all parties consent, the magistrate judge will perform the identical function that the district judge would have performed. Any trial in your case would be either a jury or a nonjury trial, depending upon whether there is a right to a jury trial and a proper request for such a trial.  The only difference is that the magistrate judge – and not the district judge – would preside over that trial. Cases that proceed for all purposes before a magistrate judge generally move more quickly than cases before a district judge. If all parties consent to proceed before the magistrate judge, the district judge plays no further role in the case. Any appeal is taken directly to the Court of Appeals. It is your choice whether or not to consent to proceed before the magistrate judge.

A copy of the appropriate consent form is attached. Additional forms are also available from the Pro Se Intake Unit and on the Court's website.

AO 85 (Rev. 01/09)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|   |   |   |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:  _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address            City              State            Zip Code

_____
Telephone Number              E-mail Address

_____
Date                  Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007