

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ALLYSON BROWN
phone: (212) 356-3521
fax: (212) 356-3509
albrown@law.nyc.gov

February 22, 2018

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    Scott Hill v. City of New York, et al.
               17 CV 1420 (VSB)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the Office of the Corporation Counsel. This Office writes to respectfully request an extension of time from February 26, 2018, to and including April 27, 2018, within which to respond to the Court's Valentin Order dated December 27, 2017. This is the first such request by this Office. This request will not impact any other deadlines, and is made with plaintiff's consent.

        (a) Background

        Plaintiff is alleging, *inter alia*, unlawful arrest and excessive force. Plaintiff names the City of New York and "John Doe" Police and Court Officers as defendants in the Amended Complaint. ECF Docket Entry No. 8. On December 27, 2017, this Court issued an order pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), directing, *inter alia*, this Office and the New York State Office of the Attorney General, to ascertain the identities, badge numbers, and service addresses for each John Doe Officer, and provide same to Plaintiff and the Court on or before February 26, 2018. See ECF Docket Entry No. 10. In the same Order, the Court deemed Plaintiff's original Complaint and Amended Complaint together to be the operative pleading, until 30 days after Plaintiff receives information regarding the identities of the John Doe defendants and can further amend the Complaint.

        (b) Issues Concerning the Facts Alleged in the Operative Pleading

        This Office has not yet been able to procure the service addresses for the John Doe Officers. During the course of this Office's investigation pursuant to Rule 11 of the Federal

Rules of Civil Procedure, we discovered material inconsistencies between Plaintiff's original Complaint and the Amended Complaint. In the Complaint, Plaintiff alleged to have been assaulted by "Court Officers" while in a "courtroom" in Manhattan on January 18, 2016. ECF Docket Entry No. 1, at 6.[1] In the Notice of Claim attached to the Complaint, Plaintiff claims that the false arrest and physical assault by "Court Officers" occurred on January 14, 2016, and that the assault occurred while he was in the "holding pens" area at Manhattan Criminal Court. Id. at 14–16.

In the Amended Complaint, however, Plaintiff alleges that he was assaulted by "Corrections Officers" and "Court Officers" in the "courthouse" on January 14, 2016. ECF Docket Entry No. 8, at 5–6. It appears that Plaintiff was at the Manhattan Criminal Court for a court proceeding, but it is unclear exactly where the assault occurred. It is also significant, for purposes of identifying the correct defendants, whether the incident occurred on January 14, 2016 or January 18, 2016. Further, it is unclear from the pleadings whether Plaintiff was in the custody of the New York City Department of Correction (DOC) Officers or New York State Court Officers at the time of the alleged assault, since that fact would depend upon where in the courthouse plaintiff actually was when the incident occurred.

### (c) Meet and Confer With the New York State Attorney General's Office and Plaintiff

On February 15, 2018, this Office conferred with the Attorney General's Office about the ambiguities in the pleadings and each agency's efforts to identify the John Doe Officers. Both offices agreed that further information from Plaintiff as to the date(s) and location(s) of incident(s) is required, in order to respond to the Valentin Order. On February 21, 2018, this Office conferred with Plaintiff via telephone. Plaintiff indicated that he kept his own personal records of the incident and explained that he believes the arrest and alleged assault occurred on January 14, 2016. Plaintiff also stated that he uses the terms "Correction Officers" and Court Officers" interchangeably, but that he believes he was assaulted by Court Officers by the "gate" near the "holding pens" after having tried to communicate with his Legal Aid attorney through the gate, while being escorted to the bus to return to the "tombs." While this information makes clear the date of incident, there still remain uncertainties as to what agency personnel had custody of Plaintiff at the time of the alleged assault.

### (d) The Roles of the Relevant Agencies in Relation to the Alleged Incident

As the Court is aware, there are law enforcement officers from various agencies who could be assigned to the courts on the date of incident. Once Plaintiff was logged in the "holding pens" at Manhattan Central Booking, he would physically be in DOC custody. Thereafter, DOC personnel would have escorted Plaintiff to the court pens to await being called for the criminal proceeding. Since it appears from the pleadings that Plaintiff was remanded into DOC custody, DOC Officers would have taken Plaintiff to the court pens to eventually be transported to a DOC facility. However, to the extent Court Officers are generally stationed in

---

[1] For ease of reference, this Office uses the ECF pagination of the pleadings.

the courtroom during court proceedings, or called because of something occurring in a specific courtroom, then Plaintiff could have been in their custody on the date of incident.

This Office is still investigating whether the officers who were located in the courtroom were Court Officers or DOC Officers and whether Plaintiff was transported to Manhattan Detention Complex or to a facility on Rikers Island, as this may also assist in identifying the John Does.

(e) Requests for Additional Information and Documentation

In an effort to further our investigation, on February 16, 2018, this Office requested additional documentation from DOC, including the court pen logs for January 14, 2016 and January 18, 2016.

With respect to the identification of the John Doe Police Officers, which is the responsibility of the Corporation Counsel, on February 7, 2018, this Office sent requests to the New York City Police Department for information and documentation regarding Plaintiff's arrest on January 14, 2016, and is awaiting receipt of same. We could not make this request without a New York Criminal Procedure Law Section 160.50 release, which we received from Plaintiff on February 7, 2018.

Lastly, neither the Complaint nor the Amended Complaint provide physical descriptions of the individuals Plaintiff seeks to name as defendants. Accordingly, we respectfully request that the Court instruct Plaintiff to provide this Office and the Attorney General's Office with detailed, physical descriptions for each individual Plaintiff seeks to name, by a date certain.

(f) Conclusion

Based on the foregoing, this Office respectfully requests an extension of time from February 26, 2018, to and including April 27, 2018, within which to respond to the Court's Valentin Order dated December 27, 2017. This Office also respectfully requests that the Court instruct Plaintiff to provide the physical descriptions of the defendants he seeks to name to this Office and the Attorney General's Office by a date certain.

Thank you for your consideration herein.

Respectfully submitted,

Allyson Brown
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Scott Hill (*via first class mail*)
*Plaintiff pro se*
298 Nome Avenue
1st Floor
Staten Island, New York 10314