

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ALLYSON BROWN
phone: (212) 356-3521
fax: (212) 356-3509
albrown@law.nyc.gov

April 10, 2018

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: Scott Hill v. City of New York, et al.
      17 CV 1420 (VSB)

Your Honor:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the Office of the Corporation Counsel. This Office writes concerning the description provided by Plaintiff pursuant to the Court's Order dated February 26, 2018.

   (a) Background and Procedural Posture

   The Court issued an order on December 27, 2017, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), directing, *inter alia*, that this Office ascertain the identities, badge numbers, and service addresses for the "John Doe" Police Officers Plaintiff alleges arrested and subjected him to excessive force. (See ECF Docket Entry No. 10, at 3–4.) By letter motion dated February 22, 2018, this Office requested an extension of time to respond to the Court's Valentin Order to April 27, 2018 and because of the difficulties in identifying these individuals, this Office also requested that the Court instruct Plaintiff to provide physical descriptions of the individuals he seeks to name as defendants. (ECF Docket Entry No. 12.) On February 26, 2018, the Court granted that request and ordered that Plaintiff provide this Office with a detailed description of those individuals by March 16, 2018. (ECF Docket Entry No. 14.)

   (b) Plaintiff's March 17th Letter

   This Office received a letter from Plaintiff dated March 17, 2018, in which he gave a vague description of the Officers alleged to have been involved in the incident. Plaintiff states in the letter that there were "about five or six of them, one big one and the others medium height." Plaintiff claims that the "big one" put him in a headlock/chokehold and then "they"

started beating him up. The description provided by Plaintiff is insufficient to assist this Office in identifying the John Doe Officers.

(c) <u>Unresolved Issues Concerning Facts Alleged in the Operative Pleading</u>

To briefly reiterate the concerns detailed in this Office's February 22nd Letter, Plaintiff alleges in the Complaint, the attached Notice of Claim, and the Amended Complaint that he was assaulted by either "Court Officers" or "Corrections Officers," which occurred in either the "courtroom," "courthouse," or "holding pens." (ECF Docket Entries Nos. 1 and 8.) It remains unclear as to the exact location of the incident, and whether the New York City Police Department ("NYPD"), the New York City Department of Correction ("DOC"), or New York State Court Officers had custody of Plaintiff at the time of the incident. Additionally, it is unclear from the pleadings whether the incident occurred on January 14, 2016 or January 18, 2016. Plaintiff also now claims in the March 17th Letter, that the incident occurred on January 27, 2016. However, the DOC "Inmate Lookup Service" reflects that Plaintiff was arrested on January 14, 2016, and released on January 27, 2016.

There remain material inconsistencies and deficiencies in Plaintiff's version of events, therefore this Office requires further clarification regarding the identities of the defendants Plaintiff seeks to name, as well as the date of incident, before it can respond to both the Amended Complaint and the <u>Valentin</u> Order. As such, this Office requests that it be permitted to serve upon Plaintiff identification interrogatories to assist in identifying the appropriate individuals and gathering information to appropriately defend this matter. We understand that interrogatories are a discovery tool and this case has not yet progressed into the discovery phase. However, in light of the lack of detailed description provided by Plaintiff, we hope responses to interrogatories will provide this Office with more information concerning these individuals Plaintiff seeks to name as defendants. In addition, although Rule 33 provides the responding party with 30 days to answer interrogatories, because we are not in discovery, and because it is in the Court's discretion, we respectfully request that the Court order that the responses be provided in a shorter period. (<u>See</u> Rule 33(b)(2).) Furthermore, in a recent telephone conversation, Plaintiff represented that he was uncertain whether he could provide any further description of the individual officers involved in the incident. Notwithstanding, we believe serving interrogatories may be the best course of action at this juncture. In the meanwhile, this Office continues to investigate the matter.

(d) <u>Conclusion</u>

Based on the foregoing, this Office respectfully requests further relief from the obligation to respond to both the Amended Complaint and the Court's <u>Valentin</u> Order dated December 27, 2017, and for permission to serve Plaintiff with identification interrogatories, the responses to which would be due by a date certain set by the Court.

Thank you for your consideration herein.

Respectfully submitted,

Allyson Brown
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Scott Hill (*via first class mail*)
*Plaintiff pro se*
298 Nome Avenue
1st Floor
Staten Island, New York 10314

**APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.** 4/12/2018

By April 25, 2018, the Office of the Corporation Counsel shall serve Plaintiff with questions regarding the identification of the individual defendants that Plaintiff seeks to include. The questions shall be limited to those that would assist the Office of the Corporation Counsel in identifying the police or court officers that Plaintiff alleges have taken part in the assault and/or unlawful arrest. Plaintiff shall respond to these questions by May 9, 2018 and send his answers to Assistant Corporation Counsel Allyson Brown at The City of New York Law Department, 100 Church Street, New York, New York 10007. Both the questions and the answers shall also be provided to me via the Court's Electronic Case Filing system ("ECF"). The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se Plaintiff.