

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8552

May 24, 2018

*By Electronic Filing*  
Honorable Vernon S. Broderick  
Southern District of New York  
40 Foley Square, Room 415  
New York, New York 10007

      Re:    *Valentin* Order in *Hill v. The City of New York, et al.*, 17-cv-1420 (VSB)

Dear Judge Broderick:

      In December 2017, this Court issued a *Valentin* order directing our Office and the Office of the Corporation Counsel to identify the John Doe police and court officers who Plaintiff Scott Hill seeks to name as defendants in the above-referenced action. (Order of Service, Dec. 12, 2017, ECF No. 10.) In February 2018, our Office and the Office of the Corporation Counsel filed letter motions requesting an extension of time and additional information from Plaintiff about the police and court officers who allegedly assaulted him. (ECF Nos. 12, 15.)  The Court, by Order dated February 28, 2018, granted these requests, extending the deadline for responding to its *Valentin* order to April 27, 2018, and directing Plaintiff to provide the Court and the defendants with a detailed description of the John Doe defendants. (ECF Nos. 14, 16.)  By Order, dated April 24, 2017, the Court further extended the time to respond until May 24, 2018.  (ECF No. 20.)

      By letter dated April 11, 2018, Plaintiff provided the Office of Corporation Counsel with additional information about the incidents alleged in the operative complaint and the individuals he seeks to name as defendants. (ECF No. 19.) According to that letter, Plaintiff was arraigned on January 14, 2016, at New York City Criminal Court at 100 Centre Street, New York, New York, 10013. Plaintiff further alleges that, at some point during the arraignment, five correction officers physically assaulted him while he was being escorted between the holding pens and the courtroom.

      **Investigation**

      In accordance with the Court's December 2017 and February 2018 Orders, our Office has investigated Plaintiff's claims—including his most recent allegations—in an effort to ascertain whether any New York State Court Officers were involved in the alleged incidents. Based on this

investigation, our Office has determined that Plaintiff would not have been in the custody of New York State Court Officers when the alleged incidents occurred. Consequently, our Office has concluded that, based on the information provided by Plaintiff, no New York State Court Officers were involved in the incidents alleged by Plaintiff.

In investigating Plaintiff's claims, our Office conferred with in-house counsel at the New York State Unified Court System and Major John J. Allen—the Commanding Officer of the New York City Criminal Court at the time of the alleged incidents. According to Major Allen, individuals who are arraigned in the New York City Criminal Court are never in the custody of New York State Court Officers. Because arraignments in New York City are essentially the final stage of the arrest process, the New York Police Department maintains custody and control over arrestees during their initial arraignments with one limited exception: arrestees are not technically in NYPD custody when they are in the holding pens at the New York City Criminal Court awaiting arraignment—the holding pens are maintained by the New York City Department of Corrections—but the NYPD otherwise maintains custody of arrestees throughout the arraignment process.

The role of New York State Court Officers in the Arraignment Parts is limited to handling paperwork, calling cases, and courtroom security as needed. At no point during the arraignment process are arrestees in state custody; court officers do not handle, escort, or otherwise maintain control over an arrestee during an arraignment nor while being transferred between the courtrooms and holding pens.

According to Plaintiff's operative pleading, he was arrested by the NYPD in Harlem on January 14, 2016, for smoking marijuana. (Am. Compl. 12, ECF No. 1.) That same day, Plaintiff was processed at the 23rd Precinct in East Harlem, sent to Central Booking, and arraigned at 100 Centre Street. (*Id.*) At some point during his arraignment, Plaintiff alleges he was physically assaulted by five officers while being escorted between the courtroom and the holding cells. (ECF No. 19.) Plaintiff asserts that "John Does #1-#5 may be court officers or police officers" on account of "the change of custody that happens during arraignments" (Id.), but this is not accurate. As explained above, arrestees are never in the custody or control of New York State Court Officers during their initial arraignments in New York City Criminal Court. For this reason, our Office is unable to identify any state court officers who may have been involved in this matter.

Furthermore, our Office has sought documents or reports in State custody related to Plaintiff's allegations. The New York State Unified Court System has not found any Unusual Occurrence Reports or other records and documentation relating to Plaintiff's allegations. It is respectfully submitted that, based on the information provided by Plaintiff, no State Court Officers were involved in this matter.

We appreciate the Court's attention to this matter.

Respectfully,

/S/

Michael Siudzinski
Jonathan Conley
Assistant Attorney General

Cc: Scott Hill (by first-class mail)
*Plaintiff pro se*

NYC Law Department (by ECF)
*Counsel for City Defendants*