USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
 :
SCOTT HILL, :
 :
                      Plaintiff, :
 : 17-CV-1420 (VSB)
       -against- :
 : **ORDER**
CITY OF NEW YORK, et al., :
 :
                    Defendants. :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On December 27, 2017, I issued an order under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (the "*Valentin* Order"), in which I directed the City of New York Law Department and the New York State Attorney General's Office to identify the John Doe Police Officers and Court Officers (the "John Doe Defendants") who Plaintiff alleges unlawfully assaulted or arrested him. (Doc. 10.)  I am in receipt of the letters filed by Assistant Corporation Counsel and Assistant Attorney General updating me as to the status of identification of the John Doe Defendants. (Docs. 21, 22.)

       The City of New York Law Department and the New York State Attorney General's Office have been unable to identify the John Doe Defendants, and detail in their letters the lengths to which they have gone to identify the John Doe Defendants.  Both offices have made extensive attempts to identify the John Doe Defendants since I issued my *Valentin* Order—they have conferred with each other on multiple occasions, have worked with other agencies such as the New York City Department of Correction, and have received more detailed information from Plaintiff Scott Hill.  (*See* Doc. 21, at 1–2; Doc. 22, at 1–2; see also Doc. 22 Ex. A.)   Because neither office has been able to identify the John Doe Defendants after this extensive investigation

lasting over five months, I dismiss Plaintiff's claims against the John Doe Defendants. *See Bishop v. City of New York*, 12-cv-9203 AJN, 2016 WL 4484245, at *3 (S.D.N.Y. Aug. 18, 2016) ("[F]ollowing *Valentin*, if a plaintiff is unable to identify defendants after being afforded the opportunity for limited discovery with assistance from the Court, his claims must be dismissed."); *Valentin*, 121 F.3d at 75 ("It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit.").

Accordingly, the Clerk of Court is respectfully requested to terminate the John Doe Defendants from the case and mail a copy of this Order to the pro se Plaintiff. Further, the City—the last remaining party in this case—shall file an answer or otherwise respond to Plaintiff's Amended Complaint, (Doc. 8), on or before June 29, 2018.

SO ORDERED.

Dated:   June 4, 2018
         New York, New York

Vernon S. Broderick
United States District Judge