```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
SCOTT HILL,                                               :
                                                          :
                                    Plaintiff,            :
                                                          :                17-CV-1420 (VSB)
                - against -                               :
                                                          :                **OPINION & ORDER**
                                                          :
THE CITY OF NEW YORK,                                     :
                                                          :
                                    Defendant.            :
                                                          :
----------------------------------------------------------X
```

Appearances:

Scott Hill
Staten Island, New York
*Pro se Plaintiff*

Allyson Nicole Brown
New York City Law Department
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Pro se Plaintiff Scott Hill brings this action against Defendant City of New York (the "City"), alleging violations of 42 U.S.C. § 1983, for, among other things, excessive force, false arrest, assault, unconstitutional conditions of confinement, denial of medical treatment, and malicious prosecution. Before me is the City's motion to dismiss Plaintiff's Complaint. Because Plaintiff's Complaint fails to state a claim for municipal liability under § 1983, the City's motion to dismiss the Complaint is GRANTED. Plaintiff's claims are dismissed without prejudice.

# I. Factual and Procedural Background[1]

Plaintiff Scott Hill filed his Complaint on January 26, 2017,[2] alleging that various state and city employees violated his constitutional rights in January 2016. (*See* Doc. 1.) Specifically, Plaintiff alleges that on January 14, 2016, he was illegally detained by officers of the New York Police Department based on allegations that he had been smoking marijuana. (*Id.* at 12.) Thereafter, Plaintiff was "falsely arrested, accused, imprisoned, and subjected to intolerable conditions in violation of his constitutional rights." (*Id.*) Plaintiff further contends that during his arraignment at the Manhattan Criminal Court, he was assaulted by a group of court officers, who also denied him the ability to speak with his attorney. (*Id.* at 5, 12–13.) Plaintiff alleges:

> The court officer . . . grab[b]ed me in a head lock from behind . . . and [dragged] me to the ground when the other court officers joined in and beat me up. The[y] kept on until the Capt[ai]n came from the back and stopped them. He said he seen what happened and said it wasn't right[,] that he wouldn't let nothing else happen to me . . . .

(*Id.* at 6.) Plaintiff sustained injuries to his right arm, wrist, shoulder, neck, back, ribs, stomach, and head as a result of the altercation. (*Id.* at 7.) Plaintiff was subsequently transferred to Rikers Island, where he was denied medical attention, "even though a CORRECTIONS CAPTAIN said that he should be provided medical treatment at an outside facility." (*Id.* at 13.) Plaintiff remained detained until February 2016, when all charges against him were dismissed. (*Id.*)

Plaintiff's original complaint named "The People of the State of New York" as the sole

---

[1] The following factual summary is drawn from the allegations contained in Plaintiff's original complaint, (Doc. 1), and amended complaint, (Doc. 8) (collectively, the "Complaint"), which I construe together to be the operative pleading in this case. (*See* Doc. 10; *see also Cucchiara v. Auburn Corr. Facility*, No. 9:18-CV-0605 (DNH/TWD), 2018 WL 3471280, at *1 n.1 (N.D.N.Y. July 19, 2018) (construing three submissions together as the operative complaint "[g]iven plaintiff's pro se status").) I assume the allegations in the Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] This action was originally filed in the United States District Court for the Eastern District of New York, and was transferred to this Court by Order dated February 17, 2017. *See Hill v. People of the State of New York*, No. 17-cv-458 (E.D.N.Y. Feb. 17, 2017), ECF No. 4.

Defendant. (*Id.* at 1.) Plaintiff attached to the complaint an unsigned Notice of Claim naming the City of New York, New York City Police Department, Police Officers "John Does 1–6," Court Officers 1–6, New York City Department of Corrections, NYC Health Correctional Health Services, Correction Officers 1–3, and Correctional Health Doctors, Nurses, and Staff as Defendants. (*Id.* at 10–11.) By Order dated September 11, 2017, Plaintiff's claims against the People of the State of New York were dismissed, and Plaintiff was advised that the New York City Police Department, the New York City Department of Correction, and NYC Health Correctional Health Services were not proper parties. (Doc. 7, at 2, 4.) Plaintiff was directed to amend his complaint to make clear whether he intended to pursue claims against the entities and individuals named in his Notice of Claim and, if so, to clarify those claims he wished to raise against each defendant. (*Id.* at 3–4.)

Plaintiff filed his amended complaint on October 2, 2017. (Doc. 8.) In his amended complaint, Plaintiff names as Defendants the City of New York, the New York City Police Department, "Police Officers John Does," and "Court Officers N.Y.C." (*Id.* at 1.) The amended complaint reiterates Plaintiff's claim that he was assaulted by court officers, (*id.* at 5); however, because the amended complaint fails to address the additional allegations contained in the Notice of Claim attached to Plaintiff's original complaint, (*see* Doc. 1, at 10–17), I issued an Order on December 27, 2017, explaining that I would construe Plaintiff's original and amended complaints together to be the operative pleading in this action, (Doc. 10, at 2). I also dismissed Plaintiff's claims against the New York City Police Department because an agency of the City of New York is not an entity that can be sued. (*Id.* (citing N.Y. City Charter ch. 17, § 396).) I further directed the New York City Law Department and the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), to identify the John Doe

3

Police Officers and Court Officers (collectively, the "John Doe Defendants") referenced in Plaintiff's Complaint. (Doc. 10, at 3–4.)

The New York City Law Department and the New York State Attorney General's Office made extensive attempts over several months to identify the John Doe Defendants, including conferring with each other on multiple occasions; contacting other agencies, including the New York City Department of Correction; and obtaining more detailed information from Plaintiff relating to the John Doe Defendants' physical descriptions. (*See* Doc. 21, at 1–2; Doc. 22, at 1–2 & Ex. A.) On June 4, 2018, because neither office had been able to identify the John Doe Defendants despite this thorough, five-month investigation, I dismissed Plaintiff's claims against the John Doe Defendants.[3] (Doc. 23.) As a result, the City is the sole remaining defendant in this lawsuit.

On August 7, 2018, the City filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Docs. 33–35.) After Plaintiff failed to timely file his opposition to the City's motion, the City requested that I deem the motion unopposed. (Doc. 37.) On October 30, 2018, I issued an Order granting Plaintiff a final opportunity to oppose the pending motion to dismiss. (Doc. 40.) On November 7, 2018, Plaintiff submitted a letter, which I will construe as his opposition to the City's motion to dismiss, ("Pl.'s Opp'n," Doc. 41). The City did not file a reply.[4]

---

[3] Plaintiff subsequently filed two requests for the issuance of a new *Valentin* order, (*see* Docs. 30, 38), and the City responded to each of these requests, (Docs. 31, 39), again summarizing the efforts made to identify the John Doe Defendants and reiterating the City's inability to identify the John Doe Defendants based upon the information provided by Plaintiff. I denied Plaintiff's requests for a new *Valentin* order on August 9, 2018, and again on October 30, 2018, (Docs. 36, 40).

[4] On January 31, 2019, the City submitted a letter contending that Plaintiff had failed to file an opposition to the City's motion to dismiss and renewing the City's request that the Court deem the motion unopposed. (Doc. 42.) However, as noted above, I construe Plaintiff's November 7, 2018 submission, (Doc. 41), as his opposition to the motion to dismiss.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Bennett v. City of New York*, 425 F. App'x 79, 80 (2d Cir. 2011) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124, 130 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

### III. Discussion

#### A. *Municipal Liability*

Because the City of New York is the only defendant remaining in this lawsuit, I analyze whether Plaintiff has stated a claim for municipal liability under § 1983.

**1. Applicable Law**

A municipality or local government is liable under § 1983 "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks omitted). Because the language of § 1983 makes clear that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort," a municipality "cannot be held liable *solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). In order to succeed on a claim against a municipality under § 1983, a plaintiff must show: "(1) actions

taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 636 (S.D.N.Y. 2015) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)).

When determining whether municipal liability applies, a court must "conduct a separate inquiry into whether there exists a 'policy' or 'custom.'" *Cowan*, 95 F. Supp. 3d at 637 (quoting *Davis v. City of New York*, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002), *aff'd*, 75 F. App'x 827 (2d Cir. 2003)). In order to prevail, a plaintiff must allege either "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted). A plaintiff cannot show a "policy" or "custom" sufficient to impose municipal liability merely by providing "[p]roof of a single incident of unconstitutional activity . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 841 (1985); *see also Cowan*, 95 F. Supp. 3d at 637 ("Generally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." (internal quotation marks omitted)).

Further, a "[p]laintiff must . . . prove a causal link between the policy, custom or practice

7

and the alleged injury in order to find liability against a municipality." *Brandon*, 705 F. Supp. 2d at 277; *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").

### 2. Application

Plaintiff's Complaint contains no allegations that the City has a "policy, custom or practice" of violating the constitutional rights of individuals in Plaintiff's position—much less that such a policy or custom was the proximate cause of Plaintiff's injuries. *Gonzalez v. City of New York*, No. 14 Civ. 7721 (LGS), 2015 WL 6873451, at *9 (S.D.N.Y. Nov. 9, 2015) (citing *Monell*, 436 U.S. at 694). The Complaint, in fact, is entirely devoid of any factual allegations against the City. Plaintiff alleges solely that his rights were violated first by individual police officers who illegally detained and arrested him, and subsequently by individual court officers who allegedly assaulted him prior to his arraignment. (Doc. 1, at 5, 12–13.) These allegations relate to a "single instance of unconstitutional conduct by a mere employee of the municipality,"[5] and are therefore insufficient to demonstrate a municipal policy or custom. *Cowan*, 95 F. Supp. 3d at 637.

There are no allegations in the Complaint suggesting (1) that the John Doe Defendants acted pursuant to a formal municipal policy; (2) that the officials responsible for establishing municipal policies endorsed or tolerated such conduct; (3) that the constitutional violations in question were part of a broader, widespread practice; or (4) that the John Doe Defendants'

---

[5] In fact, court officers at the Manhattan Criminal Court are employees of the State of New York, not the City of New York; for this reason, actions by the court officers identified in Plaintiff's Complaint are not fairly attributable to the City. *See Rochez v. Mittleton*, 839 F. Supp. 1075, 1078, 1082 (S.D.N.Y. 1993.)

conduct was the result of the City's failure to adequately train or supervise its employees. *See Brandon*, 705 F. Supp. 2d at 276–77. Plaintiff has identified no other individuals whose rights have been similarly violated and, indeed, the allegations contained in Plaintiff's filings suggest that the John Doe Defendants' behavior was highly unusual. (*See* Pl.'s Opp'n 2 (explaining that a Legal Aid attorney who witnessed the alleged assault "told [Plaintiff] that she never seen nothing like that all the days of her working [at] Legal Aid").)

Moreover, Plaintiff's filings indicate that more senior government officials took affirmative steps to prevent their subordinates from violating Plaintiff's constitutional rights. (*See, e.g.*, Doc. 1, at 6 (explaining that the Captain "stopped" court officers from beating Plaintiff and noted that their conduct "wasn't right"); Pl.'s Opp'n 3 ("Thank God for the Capt[a]in for co[m]ing out and stopping them, when he came and stopped them he told them to leave me alone . . . .").) Thus, the allegations contained in Plaintiff's Complaint make clear that senior officials were not complicit in any constitutional violations committed by the John Doe Defendants and that there was no "formal policy officially endorsed by the municipality" condoning such conduct. *See Brandon*, 705 F. Supp. 2d at 276–77.

Accordingly, I find that Plaintiff's Complaint fails to allege any facts from which a juror could plausibly infer an unconstitutional custom, policy, or practice to warrant municipal liability under § 1983. Therefore, to the extent Plaintiff's Complaint could be read as alleging a cause of action for municipal liability, that claim is dismissed.

### B. *State Law Claims*

Although Plaintiff has failed to state a claim against the City for municipal liability pursuant to § 1983, his Complaint may be construed to assert state law claims under a *respondeat superior* liability theory. While a municipality is "not vicariously liable under

9

§ 1983 for [its] employees' actions," *Connick,* 563 U.S. at 60, New York law does provide for vicarious liability under certain circumstances. *See, e.g.*, *Swierczynski v. O'Neill*, 840 N.Y.S.2d 855, 856 (2007) ("Under the doctrine of *respondeat superior*, an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his or her employment." (internal quotation marks omitted)). Because all claims over which I have original jurisdiction have been dismissed, my exercise of jurisdiction over any New York state claim would be supplemental.

A district court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Indeed, "when federal claims are dismissed early in the litigation . . . dismissal of state law claims is appropriate." *Karmel v. Liz Claiborne, Inc.*, No. 99 Civ.3608IWK, 2002 WL 1561126, at *3 (S.D.N.Y. July 15, 2002) (internal quotation marks omitted). Having dismissed all of Plaintiff's claims over which I had original jurisdiction early in this litigation, I decline to exercise jurisdiction over Plaintiff's pendent state law claims to the extent that his factual allegations give rise to them. Accordingly, Plaintiff's remaining state law claims are dismissed without prejudice to re-filing in state court.

### C. *Dismissal Without Prejudice*

Complaints brought pro se typically are dismissed without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (unless there is no indication that the pro se plaintiff

will be able to assert a valid claim giving rise to subject matter jurisdiction, leave to amend should be given). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). Although Plaintiff has already amended his Complaint once, he was not previously advised of the deficiencies identified in this Opinion & Order. Moreover, while I suspect that, for the reasons stated above, Plaintiff may struggle to set forth facts that plausibly allege municipal liability under § 1983, I am not prepared to conclude that amendment would necessarily be futile. *See, e.g.*, *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006) (noting that leave to amend may be denied where amendment would be futile). Accordingly, Plaintiff's claims are dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint, (Doc. 33), is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to the pro se Plaintiff and to close the case.

SO ORDERED.

Dated: March 20, 2019
      New York, New York

                                        Vernon S. Broderick
                                        United States District Judge